

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 8, 1969

Honorable J. R. Singleton
Executive Director
Parks and Wildlife Department
Austin, Texas    78701

Opinion No. M-444

Re:  Whether the provisions
     of H.B. No. 957, Acts
     1969, 61st Leg. R.S.,
     Ch. 260, p. 767, may be
     enforced by law enforce-
     ment personnel of the
     Parks and Wildlife Depart-
     ment?

Dear Mr. Singleton:

You have requested an opinion from this office concerning the authority of Parks and Wildlife law enforcement personnel to enforce the pertinent provisions of H.B. No. 957, Act 1969, 61st Leg. R.S., Ch. 260, p. 767, which became effective May 27, 1969, and reads in part, as follows:

"Section 1.  It shall be unlawful for any person, other than the owner or operator there-of, to fish or to take any fish from any fish farm, except with the consent of the owner or operator thereof.

"Sec. 2.  Any person violating Section 1 hereof, shall upon conviction thereof, be guilty of a misdemeanor and subject to a fine of not less than $25 nor more than $200.  Any person violating Section 1 of this Act, who shall take fish of a value in excess of $200 from any such fish farm shall upon conviction thereof, be guilty of a felony and punished by imprisonment in the state penitentiary for a term of not more than 10 years."

The Game, Fish and Oyster Commission was specifically charged with the duty and obligation to enforce laws for the protection and preservation of wild game, wild birds,

- 2201 -

and fish. Articles 905, 906, 978, Vernon's Penal Code, Article 4018, Vernon's Civil Statutes. That commission was abolished by Article 978f-3, Vernon's Penal Code, Acts 1951, 52nd Leg., Ch. 476, p. 850, but all its powers, duties and functions were thereby vested in the Game and Fish Commission which was subsequently re-constituted as the present Parks and Wildlife Depart-ment by Article 978f-3a, Vernon's Penal Code, Acts 1963, 58th Leg., Ch. 58, p. 104.

Enforcement personnel of the Parks and Wildlife Department have substantial powers within their own field as established by the game and fish laws, and such other enforcement authority as may be specifically delegated to them by law.[1] However, they are not clas-sified as "peace officers," as defined in Article 2.12, Vernon's Code of Criminal Procedure, and consequently, they are not clothed with the general enforcement authority of ordinary peace officers in this State.

House Bill No. 957 does not specifically authorize enforcement of its provisions by the Department or its personnel, therefore, the immediate question is whether the Act is a "game or fish law" such as would regularly be enforceable by the Department.

Fish are classified as animals *ferae naturae*, that is, there is no individual property in wild animals or fish so long as they remain wild, unconfined, and in a state of nature. Jones v. State, 45 S.W.2d 612 (Tex. Crim. 1932). While they are at freedom their ownership is in the State for the benefit of all its inhabitants, 11 R.C.L. 1015; and, while ownership is in the sovereign, it is well established that the State has the power and authority to enact laws for their conservation and pro-pagation. Sterrett v. Gibson, 168 S.W. 16 (Tex.Civ.App. 1914, no writ); Poon v. Miller, 234 S.W. 573 (Tex.Civ.App. 1921, no writ); Taylor Fishing Club v. Hammett, 88 S.W.2d 127 (Tex.Civ.App. 1935, error dism.); 11 R.C.L. 1041; see Attorney General's Opinion No. O-2343 (1940).

---

[1] An example of such additional authority is Art. 1722a, V.P.C., concerning enforcement of the Texas Water Safety Act.

However, when wild animals, or fish, are legally removed from their natural liberty and made subjects of man's dominion, they become personal property with title no longer in the sovereign. Since the decision was rendered in Jones v. State, supra, it has been clear that "it was not the legislative intent to place restrictions on the owner's control over fishing in privately owned ponds, as distinguished from fresh water streams and lakes as defined in Article 926 of the Penal Code." 45 S.W.2d 614, 615.

Inasmuch as the game and fish laws are inapplicable to fishing in private ponds, it logically follows that the Parks and Wildlife Department would have no enforcement authority in relation thereto, in the absence of specific delegation of such authority.

House Bill No. 733, Acts 1969, 61st Leg. R.S., Ch. 298, p. 884, provides for the licensing of "fish farms" and reads, in part, as follows:

"Sec. 2. Definitions:

"(a) A 'Fish Farmer' is any person, firm or corporation engaged in the business of production, propagation, transportation, possession and sale of fish except fish propagated for bait purposes, raised in private ponds or reservoirs.

"(b) 'Private Ponds' are defined as ponds or reservoirs located wholly within the enclosed lands of an owner or lessor which is not connected to any stream carrying public waters nor subject to overflow from any public waters." (Emphasis supplied.)

In view of the foregoing definitions, it is abundantly clear that House Bill No. 957 only creates criminal offenses and provides punishments relating to the theft of personal property as distinguished from the taking of public property from public waters.

Therefore, House Bill No. 957 does not constitute a "game or fish" law in the common sense; and in the absence of a specific delegation of authority by the Legislature to the Parks and Wildlife Department or its personnel, enforcement of the same lies solely within the general authority conferred upon the regular peace officers of this State. However, the personnel of the Parks and Wildlife Department may arrest a person who is violating the provisions of H.B. 957, if the offense is committed in their presence, or within their view, and fish of a value in excess of $200.00 is taken from a fish farm, or in connection therewith an offense against the public peace is committed. Article 14.01, V.C.C.P.

## SUMMARY

House Bill No. 957, Acts 1969, 61st Leg. R.S., Ch. 260, p. 767, relates to the theft of personal property, as distinguished from the taking of public property from public waters; and in the absence of specific delegation of authority by the Legislature to the Parks and Wildlife Department or its personnel, enforcement of the same lies solely within the general authority conferred upon the regular peace officers of this State. However, the personnel of the Parks and Wildlife Department may arrest a person who is violating the provisions of H.B. 957, if the offense is committed in their presence, or within their view, and fish of a value in excess of $200.00 is taken from a fish farm, or in connection therewith an offense against the public peace is committed. Article 14.01, V.C.C.P.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Monroe Clayton
Assistant Attorney General

Honorable J. R. Singleton, Page 5, (M-444)


APPROVED:

OPINION COMMITTEE:
Kerns Taylor, Chairman
George Kelton, Vice-Chairman
Tom Mack
Milton Richardson
Ronald Luna
Robert Darden

HAWTHORNE PHILLIPS
Executive Assistant

W. V. GEPPERT
Staff Legal Assistant